**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| KRYSTAL SWOBODA,<br><br>Plaintiff,<br><br>v.<br><br>MAPLEWOOD RICHMOND HEIGHTS SCHOOL DISTRICT,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:<br><br>TRIAL BY JURY DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, KRYSTAL SWOBODA, by and through her attorneys, Mathis, Marifian & Richter, Ltd., and for her Complaint against the Defendant, MAPLEWOOD RICHMOND HEIGHTS SCHOOL DISTRICT, states as follows:

## NATURE OF ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111, *et seq*., the Missouri Human Rights Act ("MHRA"), Mo. Ann. Stat. §§ 213.010, *et seq*., and the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.* Plaintiff, an individual with a disability, worked as a tenured early childhood teacher for the Maplewood Richmond Heights School District (the "District"). Due to her chronic medical condition and disability, Plaintiff requested and obtained intermittent FMLA leave from the District in June 2024. Not long after it approved the leave, the District began to retaliate against Plaintiff for her exercise of FMLA rights and to interfere with Plaintiff's exercise of her rights by, for example, relocating her classroom to a small, ineffective, windowless space with a single power outlet, requiring doctor's notes to substantiate approved intermittent leave and other matters.

The situation escalated when Plaintiff requested ADA accommodations for the same chronic medical condition beginning in November 2024. The District delayed its response to the request and sought to impose duplicative and irrelevant administrative requirements. During this same time, the District denied Plaintiff's son admission to the District High School and continued to retaliate against Plaintiff by issuing numerous write-ups to Plaintiff for trivial matters while failing to write up other teachers who engaged in similar behavior and/or failing to consider Plaintiff's disability and approved intermittent FMLA leave. The District also wrote Plaintiff up for attendance violations despite knowing of her approved intermittent leave and disability. Plaintiff was denied the opportunity to meet with administration prior to the issuance of these write-ups contrary to the Collective Bargaining Agreement. Plaintiff and her union representative filed a grievance against an administrator on April 1, 2025 alleging Plaintiff's rights as a disabled individual were not being protected. The District terminated Plaintiff's employment for a pretextual reason on April 10—just nine days later and the day before Plaintiff was finally scheduled to meet with the administration as part of the ADA/MHRA interactive process she started in November.

## **JURISDICTION AND VENUE**

1. Plaintiff brings this action to remedy violations under Title I of the Americans with Disabilities Act of 1990 ("ADA"), the Missouri Human Rights Act ("MHRA"), and the Family Medical Leave Act ("FMLA").

2. Jurisdiction of this Court over Plaintiff's federal claims is invoked pursuant to 28 U.S.C.A. §§ 1331 and 1343.

3. Jurisdiction over the state law claim is founded upon the pendent or supplemental jurisdiction of the Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367.

4. The employment practices and other unlawful conduct occurred within the jurisdiction of the United States District Court for the Eastern District of Missouri.

5. Plaintiff has complied with all administrative prerequisites by filing a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") before filing this lawsuit. A true and accurate copy of Plaintiff's Charge of Discrimination is attached as Exhibit A.

6. The EEOC has issued a right-to-sue letter to Plaintiff. A true and accurate copy of the EEOC right-to-sue letter is attached hereto as Exhibit B.

7. Plaintiff has requested a right-to-sue letter from the MCHR.

8. The complaint in this lawsuit was filed within 90 days after the date on which the EEOC issued the Notice of Right to Sue.

9. All jurisdictional pre-requisites to the institution of this lawsuit have been fulfilled, and Plaintiff has exhausted her administrative remedies with the EEOC as required by law. Plaintiff will amend to attached her MCHR notice of right to sue when it is received.

## PARTIES

10. At all times relevant herein, Plaintiff was and is an adult female with a disability. Plaintiff resided in the City of St. Louis, Missouri during her relevant employment with the District. Plaintiff currently resides in Oregon.

11. At all times relevant herein, the District was and is a school district organized under the laws of Missouri and existing and operating in St. Louis County, Missouri.

12. At all times relevant herein, Plaintiff was employed by the District as a tenured teacher.

13. At all times relevant herein, the District was and is an employer within the meaning of the ADA and the MHRA and has continuously employed at least fifteen people.

## GENERAL ALLEGATIONS

14. Plaintiff was employed by the District from 2015 until her unlawful termination on April 10, 2025. Beginning in 2022, and at all relevant times, Plaintiff worked as a Gifted Specialist and English Language Learner ("ELL") Teacher at the District's Early Childhood Center.

15. Plaintiff developed a chronic, clinically diagnosable and medically significant gastrointestinal disorder during the time period that she was employed with the District.

16. As a result of this condition, Plaintiff experienced unpredictable, sudden onset episodes of pain that her healthcare providers certified restricted her movement and prevented her from working.

17. The District approved intermittent FMLA leave for Plaintiff in June 2024.

18. When Plaintiff returned to school in August 2024, she was removed from her prior classroom space and assigned a small, windowless room with a single power outlet and no chalkboard/dry-erase board wholly insufficient for the active early childhood instruction she provided.

19. Plaintiff advised the administration of her concerns regarding the new space and the disparity in the resources she was provided compared to other teachers; however, the administration chose to leave her in the small space.

20. In the fall 2024, Plaintiff received a memo from the administration challenging a number of the dates on which she attempted to use her intermittent FMLA leave. The District

stated that she would be required to provide a physician's note to substantiate that her attendance changes were a result of her medical condition and disability.

21. On November 11, 2024, Plaintiff requested a meeting with the District's Assistant Superintendent to discuss ADA/MHRA accommodations for Plaintiff's chronic medical disability which had been the basis for her approved intermittent FMLA claim. The District did not timely respond to this request despite follow-ups from Plaintiff and her union representation. Ultimately, Plaintiff submitted her paperwork in February 2025.

22. However, in December 2024, after giving notice of her intent to seek ADA/MHRA accommodations, Plaintiff tried to enroll her son in the District's High School for the spring semester. While faculty and staff members' children are routinely granted admission, the District denied Plaintiff's request to enroll her son.

23. In early 2025, the District issued Plaintiff approximately nine write-ups, some going back to events that occurred in November. These write-ups were generally for alleged violations of the attendance policy or for failure to comply with administrative requirements not enforced against other teachers. In one case, the administration wrote Plaintiff up for failing to perform a teaching activity that she could not perform because she was in a meeting with administration. Contrary to the CBA, Plaintiff was not provided with an opportunity to meet with administration regarding the alleged disciplinary events before the write-ups issued.

24. The District also miscalculated Plaintiff's alleged use of intermittent FMLA and claimed she was out of hours when that was not in fact the case.

25. Plaintiff and her union representative also filed a grievance against an administrator on April 1, 2025 alleging Plaintiff's rights as a disabled individual were not being protected.

26. The District terminated Plaintiff's employment on April 10, 2025—just nine days later and the day before administration had finally agreed to meet with her to discuss accommodations as part of the ADA/MHRA interactive process.

**COUNT I**
**FMLA INTERFERENCE AND RETALIATION**

27. Plaintiff incorporates paragraphs 1 to 25 of this Complaint as if set forth fully here.

28. Plaintiff requested and the District approved intermittent FMLA leave for Plaintiff on or about June 2024.

29. Plaintiff worked at least 1,250 hours for the District in the 12 months preceding her request.

30. Despite her entitlement to leave, the District interfered with Plaintiff's rights under FMLA, including without limitation by purporting to require compliance with administrative requirements such as advance notice and ongoing physician notes contrary to FMLA.

31. Further, the District retaliated against Plaintiff in response to Plaintiff's exercise of her protected conduct, including her requests for FMLA leave and use of FMLA leave.

32. In requesting and/or taking FMLA leave, Plaintiff engaged in statutorily protected conduct.

33. Plaintiff suffered adverse employment actions because she exercised her FMLA rights.

34. Plaintiff's exercise of her FMLA rights, including her requests for and use of FMLA leave, was a substantial and motivating factor in the District's decision to retaliate against Plaintiff.

35. As a direct and proximate result of the District's unlawful conduct, Plaintiff has been damaged in that she has been caused to sustain lost wages, benefits, and other compensation

and has suffered and will continue to suffer severe humiliation, embarrassment, degradation, loss of reputation, mental anguish, loss of enjoyment of life and physical and emotional distress.

36. The unlawful employment practices complained of above were intentional and done with malice or reckless indifference to Plaintiff's federally protected rights, and were so outrageous, extreme and in disregard of the interests of Plaintiff so as to entitle Plaintiff to an award of liquidated damages.

WHEREFORE Plaintiff, Krystal Swoboda, prays for judgment in her favor and against the District as follows:

A. That a finding be entered that the District intentionally engaged in conduct against Plaintiff with malice or reckless indifferent to Plaintiff's federally protected rights;

B. That Plaintiff be awarded all wages, benefits and compensation lost due to the District's unlawful conduct, including back pay, front pay and all future pecuniary losses, with prejudgment interest, and such other equitable relief as may be deemed necessary to eradicate the effects of that conduct;

C. That Plaintiff be awarded liquidated damages from the District;

D. That Plaintiff be awarded reasonable attorneys' fees and costs; and

E. That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

## COUNT II
## VIOLATION OF THE ADA- DISCRIMINATION

37. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 25 of her Complaint as if set forth fully here.

38. During the course of Plaintiff's employment, Plaintiff developed one or more disabilities within the meaning of the ADA, to-wit, a gastrointestinal disorder, which substantially limited one or more of Plaintiff's major life activities.

39. Despite Plaintiff's disability, Plaintiff was able to perform the essential functions of employment with the District with reasonable accommodations.

40. The District unlawfully discriminated against Plaintiff in various aspects of her employment in violation of the ADA in taking actions including but not limited to delaying its response to her request for accommodations while purporting to discipline her for attendance violations resulting from her disability, purporting to require additional and unnecessary paperwork before considering Plaintiff's request for accommodation and issuing Plaintiff numerous write-ups following her request for accommodations in a manner that failed to consider her disability, the CBA and how the District treated her fellow teachers as set forth more fully above.

41. The District's employment practices, as alleged above, deprived Plaintiff of equal opportunities and otherwise adversely affected her status as an employee, and were the result of Plaintiff's disability.

42. As a direct and proximate result of the District's unlawful conduct, Plaintiff has been damaged in that he has been caused to sustain lost wages, benefits, past and future medical expenses, and other compensation, and has further suffered embarrassment, humiliation, emotional distress, and loss of reputation and standing in the community.

43. The unlawful employment practices complained of above were intentional and done with malice or reckless indifference to Plaintiff's rights, and were so outrageous, extreme,

and in disregard of the interests of Plaintiff so as to entitle Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff Krystal Swoboda, respectfully requests that this Court enter judgment in favor of Plaintiff and against the District as follows:

A. That a finding be entered that the District intentionally engaged in conduct against Plaintiff with malice or reckless indifference to Plaintiff's rights;

B. That Plaintiff be made whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices of the District, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

C. That Plaintiff be awarded all wages, benefits and compensation lost due to the District's unlawful conduct, including back-pay, front-pay and all future pecuniary losses, with prejudgment interest and such other equitable relief as may be necessary to eradicate the effects of the unlawful employment practices;

D. That Plaintiff be awarded all other compensatory damages permitted by law;

E. That Plaintiff be awarded punitive damages from the District;

F. That Plaintiff be awarded reasonable attorneys' fees and costs; and

G. That Plaintiff be awarded such other relief as this Court deems just and proper.

## COUNT III
## VIOLATION OF THE ADA-RETALIATION

44. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 25 of her Complaint as if fully set forth herein.

45. The District retaliated against Plaintiff for exercising her rights under the ADA.

46. Plaintiff suffered adverse employment actions as a result of this retaliation in at least the following ways:

a. The District refused to enroll Plaintiff's son at the high school, which was a normal benefit provided to faculty and staff;

b. Plaintiff was subjected to more strict scrutiny than her peers and written up for matters that her peers were not;

c. Plaintiff was issued approximately nine write-ups, at least one going back several months, during the period after she expressed an intent to request ADA accommodations;

d. The District did not follow the CBA or its practices and procedures for disciplinary matters regarding Plaintiff in that it refused to meet with Plaintiff before issuing her discipline;

e. Plaintiff was denied institutional support and other classroom resources and was provided with an unsustainable workload and then disciplined where she was unable to perform all requirements of that workload;

f. Plaintiff refused to engage in the interactive process or otherwise consider accommodations for Plaintiff's disability;

g. Plaintiff was wrongfully terminated from her employment with the District nine days after she filed a grievance and the day before her long awaited meeting with administration as part of the ADA's interactive process.

47. As a direct and proximate result of the District's unlawful conduct, Plaintiff has been damaged in that she has been caused to sustain lost wages, benefits, past and future medical

expenses, bonuses, and other compensation, and has further suffered embarrassment, humiliation, emotional distress, and loss of reputation and standing in the community.

48. The unlawful employment practices complained of above were intentional and done with malice or reckless indifference to Plaintiff's protected rights, and were so outrageous, extreme, and in disregard of the interests of Plaintiff so as to entitle Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff Krystal Swoboda, respectfully requests that this Court enter judgment in favor of Plaintiff and against the District as follows:

A. That a finding be entered that the District intentionally engaged in conduct against Plaintiff with malice or reckless indifference to Plaintiff's rights;

B. That Plaintiff be made whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices of the District, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

C. That Plaintiff be awarded all wages, benefits and compensation lost due to the District's unlawful conduct, including back-pay, front-pay and all future pecuniary losses, with prejudgment interest and such other equitable relief as may be necessary to eradicate the effects of the unlawful employment practices;

D. That Plaintiff be awarded all other compensatory damages permitted by law;

E. That Plaintiff be awarded punitive damages;

F. That Plaintiff be awarded reasonable attorneys' fees and costs; and

G. That Plaintiff be awarded such other relief as this Court deems just and proper.

**COUNT III**
**VIOLATION OF THE MHRA – DISABILTIY DISCRIMINATION**

49. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 25 of her Complaint as if set forth fully here.

50. During the course of Plaintiff's employment, Plaintiff developed one or more disabilities within the meaning of the MHRA, to-wit, a gastrointestinal disorder, which substantially limited one or more of Plaintiff's major life activities.

51. Despite Plaintiff's disability, Plaintiff was able to perform the essential functions of employment with the District with reasonable accommodations.

52. The District unlawfully discriminated against Plaintiff in various aspects of her employment in violation of the MHRA in taking actions including but not limited to delaying its response to her request for accommodations while purporting to discipline her for attendance violations resulting from her disability, purporting to require additional and unnecessary paperwork before considering Plaintiff's request for accommodation and issuing Plaintiff numerous write-ups following her request for accommodations in a manner that failed to consider her disability, the CBA and how the District treated her fellow teachers as set forth more fully above.

53. The District's employment practices, as alleged above, deprived Plaintiff of equal opportunities and otherwise adversely affected her status as an employee, and were the result of Plaintiff's disability.

54. As a direct and proximate result of the District's unlawful conduct, Plaintiff has been damaged in that he has been caused to sustain lost wages, benefits, past and future medical expenses, and other compensation, and has further suffered embarrassment, humiliation, emotional distress, and loss of reputation and standing in the community.

55. The unlawful employment practices complained of above were intentional and done with malice or reckless indifference to Plaintiff's rights, and were so outrageous, extreme, and in disregard of the interests of Plaintiff so as to entitle Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff Krystal Swoboda, respectfully requests that this Court enter judgment in favor of Plaintiff and against the District as follows:

A. That a finding be entered that the District intentionally engaged in conduct against Plaintiff with malice or reckless indifference to Plaintiff's rights;

B. That Plaintiff be made whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices of the District, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

C. That Plaintiff be awarded all wages, benefits and compensation lost due to the District's unlawful conduct, including back-pay, front-pay and all future pecuniary losses, with prejudgment interest and such other equitable relief as may be necessary to eradicate the effects of the unlawful employment practices;

D. That Plaintiff be awarded all other compensatory damages permitted by law;

E. That Plaintiff be awarded punitive damages from the District;

F. That Plaintiff be awarded reasonable attorneys' fees and costs; and

G. That Plaintiff be awarded such other relief as this Court deems just and proper.

**COUNT IV**
**VIOLATION OF THE MHRA - RETALIATION**

56. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 25 of her Complaint as if fully set forth herein.

57. The District retaliated against Plaintiff for exercising her rights under the MHRA.

58. Plaintiff suffered adverse employment actions as a result of this retaliation in at least the following ways:

a. The District refused to enroll Plaintiff's son at the high school, which was a normal benefit provided to faculty and staff;

b. Plaintiff was subjected to more strict scrutiny than her peers and written up on for matters that her peers were not;

c. Plaintiff was issued approximately nine write-ups, at least one going back several months, during the period after she expressed an intent to request ADA accommodations;

d. The District did not follow the CBA or its practices and procedures for disciplinary matters regarding Plaintiff in that it refused to meet with Plaintiff before issuing her discipline;

e. Plaintiff was denied institutional support and other classroom resources and was provided with an unsustainable workload and then disciplined where she was unable to perform all requirements of that workload;

f. Plaintiff refused to engage in the interactive process or otherwise consider accommodations for Plaintiff's disability;

g. Plaintiff was wrongfully terminated from her employment with the District nine days after she filed her grievance and the day before her long awaited meeting with administration as part of the interactive process.

59. As a direct and proximate result of the District's unlawful conduct, Plaintiff has been damaged in that she has been caused to sustain lost wages, benefits, past and future medical

expenses, bonuses, and other compensation, and has further suffered embarrassment, humiliation, emotional distress, and loss of reputation and standing in the community.

60. The unlawful employment practices complained of above were intentional and done with malice or reckless indifference to Plaintiff's protected rights, and were so outrageous, extreme, and in disregard of the interests of Plaintiff so as to entitle Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff Krystal Swoboda, respectfully requests that this Court enter judgment in favor of Plaintiff and against the District as follows:

A. That a finding be entered that the District intentionally engaged in conduct against Plaintiff with malice or reckless indifference to Plaintiff's rights;

B. That Plaintiff be made whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices of the District, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

C. That Plaintiff be awarded all wages, benefits and compensation lost due to the District's unlawful conduct, including back-pay, front-pay and all future pecuniary losses, with prejudgment interest and such other equitable relief as may be necessary to eradicate the effects of the unlawful employment practices;

D. That Plaintiff be awarded all other compensatory damages permitted by law;

E. That Plaintiff be awarded punitive damages;

F. That Plaintiff be awarded reasonable attorneys' fees and costs; and

G. That Plaintiff be awarded such other relief as this Court deems just and proper.

Respectfully submitted,

**MATHIS, MARIFIAN & RICHTER, LTD.**

By *__/s/ Laura E. Schrick__*

Laura E. Schrick, #56713
23 Public Square, Suite 300
P.O. Box 307
Belleville, IL 62220
(618) 234-9800 Phone
(618) 234-9786 Fax
lschrick@mmrltd.com

Attorneys for Plaintiff Krystal Swoboda